UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENIS ESTRADA-CRUZ, | |
| Petitioner, | Civ. No. 17-0937 (KM) |
| v. | |
| WARDEN ORLANDO RODRIGUEZ, | OPINION |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Denis Estrada-Cruz, was an immigration detainee when he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 through counsel. The petition challenges his immigration detention and seeks his release or that a bond hearing be ordered. As of April 28, 2017, the petitioner was deported. He is no longer in immigration detention. Therefore, the habeas petition will be denied as moot.

## II. BACKGROUND

Mr. Estrada-Cruz is a native and citizen of Honduras. He entered the United States on May 5, 2006. On April 18, 2016, Mr. Estrada-Cruz was placed in immigration detention.

On December 13, 2016, an Immigration Judge ("IJ") ordered Mr. Estrada-Cruz removed to Honduras. On April 12, 2017, the Board of Immigration Appeals ("BIA") dismissed his appeal.

Mr. Estrada-Cruz's immigration proceedings were ongoing when he filed this counseled habeas petition in this Court in February, 2017. The petition requests his release from immigration detention or that a bond hearing be ordered.

The government filed a response to the habeas petition on April 12, 2017. In that response, the government stated that it did not object to this Court ordering a bond hearing. However, as indicated above, on the same day that the government filed its response to the habeas petition, the BIA dismissed Mr. Estrada-Cruz's appeal.

On July 13, 2017, the government submitted a supplemental letter to this Court. That letter states that the habeas petition should now be denied as moot because Mr. Estrada-Cruz was removed from the United States on April 28, 2017.

## III. DISCUSSION

As a general matter, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6)[1] "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Mr. Estrada-Cruz is no longer in immigration detention; he was removed from the United States on April 28, 2017. The government has included a declaration from a deportation officer to indicate Mr. Estrada-Cruz's removal. (*See* Dkt. No. 7 at p.4) Thus, Mr. Estrada-Cruz has

---

[1] Section 1231(a)(6) states as follows:

> An alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

received the relief he seeks in his habeas petition; *i.e.*, the release from immigration detention. Because he has been removed from the United States, there is no concrete likelihood of his being detained again. According, his habeas petition is moot, as he "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Lindaastuty v. Attorney General of United States*, 186 F. App'x 294, 296 (3d Cir. 2006) (habeas petition challenging immigration detention is moot due to deportation from the United States).

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.

DATED: July 17, 2017

KEVIN MCNULTY
United States District Judge

3